# EXHIBIT 1 – BONUS AGREEMENT

# SIGN-ON BONUS AGREEMENT

This Sign-On Bonus Agreement (the "**Agreement**") is entered into this 1st day of February 2024 (the "**Effective Date**") by and between American Neighborhood Mortgage Acceptance Company LLC, d/b/a AnnieMac Home Mortgage, a Delaware limited liability company ("**Company**") and Mona Lea Edick (the "**Employee**") (Company and Employee may be individually referred to as a "**Party**" and collectively referred to as the "**Parties**").

**WHEREAS,** Company desires to bestow upon the Employee a sign-on bonus in consideration for Employee accepting employment with the Company and remaining satisfactorily employed for no less than thirty-six (36) months.

**NOW, THEREFORE,** in consideration thereof and of the covenants hereafter set forth, the Parties hereby agree as follows:

1. **Incorporation of Recitals.** The above recitals are incorporated herein by this reference.

2. **Sign-On Bonus Payment.** Company agrees to pay Employee a Sign-On Bonus in the gross amount of Five Hundred Thousand Dollars ($500,000.00) (the "**Bonus**"). Company will pay the Bonus in ten (10) installments in the amount of $50,000.00, through its regular payroll at the end of the first and tenth payroll periods subsequent to the Employee's first day of employment (the "**Start Date**"), with the first payment on February 23, 2024, and the final payment on July 10, 2024. The Bonus shall be subject to all applicable taxes, withholdings, and voluntary deductions. The Parties agree that:

    ☒ $500,000.00 of the Bonus is an **unvested wage advance**. Employee will earn the advance in its entirety by remaining employed with Company for thirty-six (36) months following the Start Date. **The Parties further agree that no portion of the advance shall be earned if Employee does not remain employed with Company for the full thirty-six (36) months**. Stated differently, if Employee does not remain employed with Company for thirty-six (36) months, Company may require Employee to pay back the bonus in full pursuant to paragraph 3, below. Time of employment less than thirty-six (36) months, including partial months of employment, does not reduce the repayment obligation under this Agreement. **Repayment of Bonus.** Employee agrees to repay to Company the entire Bonus amount according to the following terms:

    a.    Termination of Employment. If Employee separates from employment with Company, regardless of the reason, whether voluntary or involuntary, prior to thirty-six (36) months after the Start Date, then Employee agrees to repay the entire unvested wage advance portions of the Bonus within ten (10) days of the separation date. Employee further agrees that any outstanding balance on such repayment obligation is delinquent and immediately collectable following the tenth (10th) day after the separation date.

    b.    Consent to Offset. By signing below, Employee expressly gives Company a lien against any wages, accrued vacation time, incentive compensation payments, bonuses and/or commissions due to Employee on or after the date of Employee's separation of

employment. Employee agrees that Company may deduct, to the extent permitted by applicable law, the repayment amount due Company under this Agreement from any amounts due Employee. Employee also agrees that any tax consequences borne because of repayment of the Bonus will be the sole and exclusive responsibility of Employee.

3.  **Further Assurances.** Employee agrees to execute, acknowledge, and deliver or cause to be executed, acknowledged, and delivered all such further documents Company reasonably deems necessary or appropriate to carry out the terms and provisions of this Agreement.

4.  **At-Will Employment.** Nothing in this Agreement guarantees employment for any period of time. Employee shall be and remain an employee "at will".

5.  **Acknowledgements and Integration.** Employee acknowledges and agrees that Company has granted Employee sufficient time to review the Agreement, including allowing Employee to freely review or discuss the terms of this Agreement with any lawyer of Employee's choosing prior to signing. Employee further acknowledges that Employee is voluntarily entering into this Agreement without any duress or pressure from Company. Employee agrees this Agreement is the entire agreement between the Parties with respect to the subject matter herein, and Employee acknowledges Company has not made any other statements, promises or commitments of any kind (written or oral) to cause Employee to agree to the terms of this Agreement.

6.  **Waiver.** The failure of a Party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver nor shall it deprive such Party of the right thereafter to insist upon strict adherence to that that term or any term of this Agreement. Any waiver must be in writing signed by the waiving Party. If Company is the waiving Party, such waiver must be signed by Company's Chief Executive Officer.

7.  **Modification.** The portion of the Bonus considered earned wages may be supplemented, amended, or modified only by the mutual agreement of the Parties. No supplement, amendment, or modification of the earned wages portion of the Bonus shall be binding unless it is in writing and signed by the Employee and Company's Chief Executive Officer. Company shall have the right, at any time, to modify the unvested wage advance on a prospective basis upon advance notice to Employee.

8.  **Severability.** The Parties agree that should a court of competent jurisdiction declare or determine any provision of this Agreement to be illegal, invalid or unenforceable, the remainder of the Agreement shall nonetheless remain binding and enforceable and the illegal, invalid or unenforceable provision(s) shall be modified only so much as necessary to comply with applicable law.

9.  **Successors and Assignment.** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective successors, heirs and permitted assigns. Employee may not assign Employee's rights and obligations under this Agreement without prior written consent of Company. Company may assign this Agreement and/or its rights or obligations

under this Agreement. Any and all rights and remedies of Company under this Agreement shall inure to the benefit of and be enforceable by any successor or assignee of Company.

10. **Choice of Law; Waiver of Jury Trial.** This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey (without regard to any conflicts of laws principles thereof that would give effect to the laws of another jurisdiction). Employee intends to and hereby confers jurisdiction upon the courts of the State of New Jersey and U.S. federal courts located within the State of Jersey to determine any dispute arising out of or related to this Agreement, including the enforcement and the breach hereof. Employee waives any objection to venue in such courts. Each Party irrevocably waives its rights to trial by jury in any action or proceeding arising out of this Agreement.

11. **Attorneys' Fees.** Employee agrees to pay all reasonable costs, expenses, interest, and legal fees incurred by the Company to enforce this Agreement.

12. **Electronic Signature.** Employee agrees that Company may enforce this Agreement with a copy for which Employee has provided an electronic signature, and that such electronic signature may be satisfied by procedures that Company or a third party designated by Company has established or may establish for an electronic signature system, and Employee's electronic signature shall be the same as, and shall have the same force and effect as, Employee's written signature. By electronically accepting this Agreement, Employee agrees to the following: "This electronic contract contains my electronic signature, which I have executed with the intent to sign this Agreement."

13. **Priority of Agreements.** In the event of a conflict between the express terms of this Agreement and any other agreements between Employee and Company, including but not limited to any Loan Originator Contract, Branch Manager Contract, Confidentiality Agreement, and/or Arbitration Agreement, this Agreement shall control, unless the conflicting agreement expressly states it controls with regard to the terms at issue. For clarity, the terms of this Agreement shall not be subject to any Arbitration Agreement or dispute resolution provision between the Parties.

**IN WITNESS WHEREOF,** the Parties executed this Agreement as of the date first written above.

| **EMPLOYEE** | **COMPANY** |
|---|---|
|  | American Neighborhood Mortgage Acceptance Company LLC, d/b/a AnnieMac Home Mortgage |
|  | By: |
| DocuSigned by: *Mona Lea Edick* | *[signature]* |
| Mona Lea Edick | Joseph Panebianco |
|  | CEO |

3

Sign-On Bonus Agreement 6/10/2023